R. K. Bodden v. Commissioner.
R. K. Bodden v. Commissioner
Docket No. 14460.
United States Tax Court
1949 Tax Ct. Memo LEXIS 248; 8 T.C.M. (CCH) 243; T.C.M. (RIA) 49058; March 10, 1949
*248 Geo. E. H. Goodner, Esq., and Scott P. Crampton, Esq., Munsey Bldg., Washington, D.C., for the petitioner. S. Earl Heilman, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in income and victory taxes for 1943 and 1944, in the respective amounts of $44,812.93 and $18,781.75, the entire amount of each deficiency being in dispute. The principal issue is whether the respondent erred in his refusal to recognize the wife of the petitioner as a partner in the R. K. Bodden Lumber Company. If this issue is decided in favor of the respondent, an alternative issue is raised as to whether the respondent erred in failing to recognize a capital investment of the petitioner's wife in the business and to allow a reasonable return to her on it, thereby reducing the petitioner's income by that amount. Finally, should both these contentions of the petitioner be denied, he urges, and the respondent concedes, that it was error to include in the petitioner's 1942 income the amount of $28,302.65, which was accrued in 1941 and reported in the partnership return for the fiscal year ended March 31, 1942. The year 1942 *249 is involved because of the forgiveness feature of the Current Tax Payment Act of 1943. Some of the facts were stipulated, and the stipulation filed is incorporated herein by reference. Findings of Fact The petitioner is an individual with his principal office at Mobile, Alabama. The petitioner filed his income tax returns on the cash basis by calendar years with the collector of internal revenue for the district of Alabama. For many years prior to the taxable years here involved the petitioner has been engaged in the export lumber business, trading as a sole proprietorship under the name of "R. K. Bodden Lumber Company." On September 23, 1941, when the net worth of the petitioner's business was over $176,000, he made a gift to his wife, Estella K. Bodden, of an undivided one-half interest in certain accounts receivable due to him as an individual. For gift tax purposes this gift was valued at $40,000. The gift tax return filed showed no tax due. The petitioner's wife had a substantial independent estate of her own which she had received from her father of an aggregate value of approximately $95,000 to $100,000. She also was the beneficiary of $80,000 of the petitioner's unencumbered *250 life insurance. On September 23, 1941, the petitioner and his wife executed a written partnership agreement which provided that they were to contribute equal amounts of capital to a partnership which would do business under the name of "R. K. Bodden Lumber Company" and were to share equally in the profits and losses. The agreement provided that the petitioner would also contribute his services to the partnership, for which he would be paid a salary to be agreed on from time to time. It also provided that either partner would have the right to execute any document necessary to the conduct of the business and to sign checks for the business unless either partner should at any time demand in writing that all documents and checks of the business be signed by both partners. The contribution of capital made by the petitioner's wife to the business consisted solely of the accounts receivable which the petitioner had given her. The contribution of capital made by the petitioner to the business consisted of equivalent assets withdrawn from the assets of his business. During the period from October 1, 1941, to December 31, 1941, the profits of the business amounted to $28,302.65. *251 On March 31, 1942, it was decided that Vernon H. Bodden, a brother of the petitioner, should be admitted as a partner in the business by acquiring a 5 per cent interest in the business for $4,000 which he would pay to the petitioner's wife. The amount was so paid and the wife's capital account in the alleged partnership was reduced from 50 per cent to 45 per cent. A new partnership agreement, dated March 31, 1942, was drawn up which provided in substantially the same terms as used in the agreement of September 23, 1941, that a new partnership would be formed with the same operating name and capital. The petitioner continued to operate the business as before. Vernon H. Bodden contributed part time services, but the petitioner's wife took no part in the operation of the business. The capital ownership and allocation of profits and losses of the business were credited 50 per cent to the petitioner, 45 per cent to the petitioner's wife, and 5 per cent to Vernon H. Bodden. The business of the R. K. Bodden Lumber Company was operated as a three-member partnership from April 1, 1942, to March 31, 1944. During this period the firm kept its books and filed its income tax returns on the accrual *252 basis of accounting and for a fiscal year ending March 31. Gross sales and net income were as follows: Taxable Period
Gross Sales
Net Income
Oct. 1, 1941 to Mar. 31, 1942
$770,766.60
$ 57,465.42 *
Apr. 1, 1942 to Mar. 31, 1943
835,607.39
100,440.97
Apr. 1, 1943 to Mar. 31, 1944
753,831.70
53,240.74
The business of R. K. Bodden Lumber Company is confined solely to buying lumber from sources in the United States, for its own account, for sale and export to foreign markets. Capital is an important factor in the business. The respondent recognized a partnership between the petitioner and Vernon H. Bodden under the new partnership agreement but taxed the petitioner with all profits credited to the petitioner's wife during those years. He included in the petitioner's income for 1942 the $28,302.65 earned by the business in the last three months of 1941, which fell in its fiscal year ended March 31, 1942. There was no real intention of the parties that Estella K. Bodden should be an actual bona fide partner in the R. K. Bodden Lumber Company *253 at any time during the taxable years involved. Opinion LEMIRE, Judge: The petitioner contends that the respondent erred in taxing the income of the R. K. Bodden Lumber Company 95 per cent to the petitioner and 5 per cent to Vernon H. Bodden for the taxable years involved. He argues that the income of the business should be taxed 50 per cent to him, 45 per cent to his wife, and 5 per cent to Vernon H. Bodden as their distributive shares of partnership income in accordance with the partnership agreement of March 31, 1942. The respondent denies that the petitioner's wife was ever a member of the partnership. The question of the validity of the wife's partnership interest under Alabama law does not control our issue here. ; . The Supreme Court in , declared that there is no question that a wife may become a partner in business with her husband under certain circumstances. However, when she does not share in the management and control of the business, contributes no vital services, and where the husband purports in some way to have given *254 her a partnership interest, the Tax Court may consider these circumstances in determining whether the partnership is real within the meaning of the federal revenue laws. If the end result of the partnership was a mere reallocation of income between husband and wife without change in their actual relation to the income, and there is no real need for or benefit from the wife's participation in the business, we must find that there was no real intention of the parties that the wife be an actual partner in the business and that the partnership lacks reality for federal tax purposes. In this case the petitioner makes no claim that his wife participated in the control or management of the business or that she otherwise rendered any services to it. He argues, however, that she contributed capital in the form of the accounts receivable which he had given her. He points out that she had at the time of formation of the partnership a considerable independent estate and was the principal beneficiary of his life insurance, and that her assumption of the risk of partnership losses, which might affect her separate property, amounted to a further contribution of capital within the meaning of the *255 Tower case and the numerous cases which have followed it. The wife's contribution of the accounts receivable which the petitioner had given her at the time of, and for the purpose of, the creation of the alleged partnership is clearly not a contribution of capital originating with her, such as was meant in , and . Certainly it cannot be said that the mere fact that the wife had a substantial separate estate at the time the alleged partnership was formed demonstrates that she contributed any of it to the business. The fact is that she actually made no contribution of capital out of her separate estate. There is no evidence that her separate property or credit was ever used or needed in the business or ever subjected to any real risk. The petitioner contends that the reality of the partnership is shown by the fact that his wife furnished a substantial amount of capital from her separate property in 1947, several years after the taxable years involved. The evidence is not at all clear as to how much or from what source the funds were furnished by the wife, but in any event this does not prove *256 that she was a partner in the business in the earlier years. After the partnership agreement with his wife the petitioner continued to operate the business just as he had before. His wife took no part in it whatever. There is no evidence as to what disposition was made of the share of profits credited to her in the firm's books. We conclude that she was not a bona fide partner in the business for the years here involved. The petitioner contends, alternatively, that if we find, as we have, that the income of this business is not taxable to the alleged partners in accordance with the allocation made in the partnership agreement, we should tax the income to the partners in accordance with their capital investments after allocating the earnings of the business between earnings attributable to personal services and earnings attributable to capital. He cites , reversed, ; ; . He argues that not less than 50 per cent of the business earnings should be allocated to capital; that his wife contributed 50 per cent of the capital *257 of the business, and that therefore she should be allocated 25 per cent of the profits. Our determination that the petitioner's wife made no contribution of her own capital to the business precludes the argument that she is entitled to an allocation of any of the profits. Those cases which the petitioner cites to support his argument for such an allocation involved either contributions made by the taxpayers' wives out of their own separate funds or consideration of a wife's community property interest in capital and its earnings under appropriate state law. Those cases are not applicable here. Finally, the petitioner contends that if the alleged partnership between him and his wife is not recognized to any extent, the $28,302.65 which the business earned during the period from October 1, 1941, through December 31, 1941, should be excluded from the petitioner's income for 1942. This adjustment is necessary because of the fact that the petitioner filed his individual income tax returns on a cash and calendar year basis while the partnership filed its returns on an accrual and fiscal year basis. The respondent concedes that this adjustment is proper. Decision will be entered under *258 Rule 50. Footnotes
*. Of this amount $28,302.65 was realized during the period from October 1, 1941, through December 31, 1941.↩